THE STATE OF CONNECTICUT EX REL. EDWARD T. LYONS
*vs.* F. ERNEST WATKINS.

\* Third Judicial District, Bridgeport, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Chapter 128 of the Public Acts of 1907 provides that the General Assembly shall appoint county commissioners for terms of four years. *Held* that in appointing the respondent as a county commissioner for four years "and until his successor is duly elected and qualified," the General Assembly was not acting in its legislative capacity but as the appointing body designated by the statute; and therefore the resolution of appointment did not work an amendment of the statute by extending the term of office beyond the four years.

Although a public officer whose term has expired may be justified in holding over, if no appointment of a successor has been made, in order to prevent the interruption of public business, he does not thereby become a *de jure* officer, nor does such temporary occupation prevent the existence of a vacancy and the filling of the office by the duly-empowered authority.

Chapter 233 of the Public Acts of 1907 provides that while the General Assembly is not in session and no other provision is made therefor, the Governor may fill any vacancy, however arising, in any office originally filled by the General Assembly or either branch thereof, until the third Wednesday of its next session. *Held* that this authorized an appointment by the Governor of a county commissioner to fill a vacancy in that office caused by the failure of the General Assembly to agree upon a successor to the commissioner whose term was shortly to expire.

In making such an appointment the Governor is not bound to wait until the vacancy, which is sure to occur, actually occurs, but may anticipate its occurrence, provided his own term of office does not expire before the appointment takes effect.

Argued November 5th—decided December 20th, 1913.

INFORMATION in the nature of *quo warranto* to determine the title of the respondent to the office of county commissioner of Hartford County, brought to and re-

\* Transferred from first judicial district.

served by the Superior Court in Hartford County, *Case, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment advised for the State.*

*William J. Hamersley* and *Andrew J. Broughel,* for the relator, Lyons.

*Edward M. Day,* for the respondent, Watkins.

THAYER, J.   The respondent, Watkins, was appointed county commissioner on February 4th, 1909, by the General Assembly, by a Resolution which reads as follows: "RESOLVED BY THIS ASSEMBLY: That F. Ernest Watkins, of Manchester, be and he is hereby appointed county commissioner for Hartford County, for the term of four years from and after October first, A. D., 1909, and until his successor is duly elected and qualified." He accepted the office, qualified, and has been in possession of the office ever since. The General Assembly, at its session in 1913, made no appointment of a successor to the respondent, and on September 23d, 1913, when the General Assembly was not in session, the Governor appointed the relator to be a county commissioner to fill the vacancy "from October 1, 1913, until the third Wednesday of the next session of the General Assembly, and until his successor is appointed and qualified." The relator accepted the office and duly qualified.

The questions for our determination are whether the respondent, at the institution of this action, was entitled to the office of county commissioner, and if not, whether the relator was entitled to it.

The respondent does not justify his holding over after the termination of his four-year term upon the language of the Resolution appointing him. This purports to appoint him "for the term of four years from

and after October first, A. D., 1909, and until his successor is duly elected and qualified." But the respondent claims that, treating the last clause as of no effect, the law is so that he holds over as a *de jure* officer, the General Assembly having neglected to appoint his successor, and that there has been no vacancy which the Governor could fill.

There is no provision in the Constitution regulating the terms of county commissioners. The statute (General Statutes, § 1742, as amended by chapter 128 of the Public Acts of 1907) is explicit that they shall be appointed for the term of four years, and does not provide that they shall hold their office until their successors are appointed. The General Assembly, in making the appointment, was acting under this statute, which provides that county commissioners shall be appointed by the General Assembly. It was not acting in its legislative capacity, but as a public body exercising a power of appointment which has been committed to it by the statute under the Constitution, and expressing its will as to the selection of a county commissioner. *McGovern* v. *Mitchell*, 78 Conn. 536, 557, 63 Atl. 433. The Resolution had no effect, therefore, as legislation, or as amending the statute which fixes the terms of county commissioners. Consequently the last clause of the Resolution furnishes the respondent no ground for a claim that he is holding over as a *de jure* officer; and to justify as such he must, as he does, place his title upon some other foundation.

His claim is that, as a general rule of law, an officer appointed for a definite term holds over, in the absence of some clear provision to the contrary, as a *de jure* officer until his successor is appointed by the original appointing authority. The law being so, he claims that there has not been and is not now any vacancy in the office of county commissioner because his holding

over kept the office full; and, as the office was not vacant, the Governor's appointment of the relator was void because the statute gives the Governor no power to appoint except to fill vacancies; and so he claims that, no successor to him having been appointed, he may continue to hold the office until a successor shall be appointed by the original appointing power, the General Assembly.

The argument seems to be sound if the premises are sound. We think that the major premise upon which the respondent bases his argument is unsound. Where an original power to appoint to an office is given to one person or appointing body and the power to fill vacancies in that office to another, and the law provides that the original appointment shall be for a definite term and until a successor is appointed, it is a vexed question whether, upon the termination of the fixed term, the original appointing body not having named a successor, the person or body having the power to fill vacancies may do so. The conflict of opinion centers around the question whether there is a vacancy at that time. The original appointing body having undoubted power (and the empowering statute contemplates that it will be exercised) to appoint a successor to fill the term before a vacancy occurs, if this is done the office will be kept full. But, when this is not done, the question is whether the old incumbent continues to hold the office as a portion of his original term, or only continues in the office as a mere *locum tenens* or officer *de facto*. In some of these cases it is decided that the holdover provision creates a new and contingent term; in others that it merely authorizes the old officer to temporarily fill the office, under his former qualification, as a *locum tenens;* and in others it is held that it continues the original term until a successor is appointed. When held that the old term continues, it is generally held

that there is no vacancy to be filled by the authority having the power to fill vacancies; and where the incumbent holds over as a temporary holder of the office, it is generally held that a vacancy exists which may be filled by the authority empowered to fill vacancies. In all the cases it is a question of construing the provision authorizing the holding over, and this is affected by the nature of the office to be filled (i. e. whether elective or appointive), the language of the particular statute, and the circumstances of the particular case. But in all these cases it seems to be assumed that, in the absence of the constitutional or statutory provision for holding over, the incumbent under an appointment for a definite term would have no *de jure* title to the office after the date of its expiration; if not, why do they discuss the subject of the incumbent's right under the statutory provision to hold over as a *de jure* officer.

The respondent has called our attention to twenty-seven States (and there are more) where provisions are embodied in their constitutions or statute laws for the holding over after the expiration of a definite term, in the case of some or all public officers. Such provisions would seem to be superfluous if, as claimed by the respondent, the incumbents of such offices would hold over as *de jure* officers unless a clear provision to the contrary is contained in the statutes or constitutions; and if these provisions are merely declaratory of the common law, as may be claimed, it is strange that none of the numerous cases referred to above so declare, and that the courts of last resort which have decided them have been at so great pains to discuss at length the construction of the statute and constitutional provisions which, as the respondent claims, are simply declaratory of the common law of the country.

The respondent's counsel also refers us to a number

of decisions claimed to support the proposition that, at common law, public officers, in the absence of an express restriction, hold over after the expiration of their term until their successors are appointed by the original appointing authority. The cases referred to are for the most part those which have arisen under provisions for holding over contained in statutes or the organic law, or cases where the term of office is indefinite or where it is provided only that the officers shall be chosen annually, or cases relating to the holding over of officers of private corporations. There are one or two cases which seem to hold as claimed by the respondent's counsel. We find others which take an opposite view of the question. But the cases which he cites are not, with one or two exceptions, cases where the holdover's title is put in question by a proceeding in the nature of a *quo warranto* by one who has been appointed to fill the vacancy, caused by the expiration of the holdover's term, by another appointing authority than the one authorized to fill the original term. They are cases brought upon the holdover's bond, or for the salary of the office, or for trespass committed by him. The acts of a *de facto* officer are good as against the public or third persons, although they afford no justification for his holding the office against a *de jure* officer in an action in the nature of a *quo warranto*. We believe that it is not held in any of the cases cited that a mere holdover officer has title which is good as against one who has been lawfully appointed to fill the vacancy caused by the expiration of the holdover's term.

As we have intimated above, the authorities are not in accord, seemingly, as to the effect of constitutional and statutory provisions for holding over; and as to the holdover doctrine contended for by the respondent, where there is no such provision for it in the statutes or organic law, the authorities are not in accord. In

a case recently argued before us (*State ex rel. Eberle* v. *Clark*, 87 Conn. 537, 89 Atl. 172), where the question now raised by the respondent was involved, we held that a person holding over after his term is not a *de jure* officer whose continued incumbency prevents an appointment by the Governor to fill the vacancy resulting from the expiration of the incumbent's term, although the latter was justified in holding over until such appointment was made. That case is decisive of this, and negatives the premise upon which the respondent's whole argument is founded, namely, that he is holding over as a *de jure* officer.

If, then, the relator was properly appointed, he was entitled to the office. The Act of 1887, providing for the biennial election of county commissioners, prescribed that vacancies should be filled by the Governor, thus showing an intent on the part of the General Assembly that this specific office should be filled by him. In revising the statutes in 1902, this provision is omitted from § 1742, which relates to the appointment of the county commissioners, and is embodied in one which makes provision for the filling by the Governor of vacancies generally in offices to which appointments are made by the General Assembly. This did not change the effect of the provision. It is to be read as though still embodied in the section providing for the appointment of county commissioners. The term of the respondent having expired on October 1st, 1913, and the General Assembly having adjourned *sine die* without making an appointment of any person to the succeeding term, there was a vacancy in the office which the statute (Public Acts of 1907, Chap. 233, p. 835) empowered the Governor to fill. *State ex rel. Eberle* v. *Clark*, 87 Conn. 537, 89 Atl. 172. For the reasons given in that case, he might properly anticipate the vacancy and designate in advance his appointee to fill it. This he

did, and the relator was thus properly appointed to the office, and, having duly qualified, is entitled to it.

The Superior Court is advised to render judgment for the State, and that the relator recover his costs.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.