HUGH M. ALCORN, STATE'S ATTORNEY, EX REL. ROWLAND E. HOERLE v. HAROLD W. THOMAS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1940—decided January 10, 1941.

*William N. DeRosier,* for the appellant (plaintiff).

*Thomas F. McDonough,* for the appellee (defendant).

BROWN, J.   The information in the nature of a writ of quo warranto contained these allegations. The board of education of the town of Plainville on April 8, 1937, appointed the defendant as superintendent of schools for a period of three years at a salary stated, and he has acted in that capacity thereunder during the three school years ending June 30, 1940, on which date he completed his term.   At a meeting of the board on May 1, 1940, a motion to renew the defendant's contract as superintendent for a further period of three years was lost by a tie vote of three to three, and at another meeting on June 21, 1940, a motion that his contract as superintendent be continued until November 1, 1940, was defeated by a like vote.   Notwithstanding his term of office has expired and the board has declined to renew his contract for a further term, the defendant continues to act as superintendent and has usurped the rights and franchises of the office. The relator is a member and chairman of the board. The defendant in his plea admitted these allegations except those that he had completed his term, that it had expired, and that he had usurped the rights and franchises of the office.   He further alleged that since June 30, 1940, he has continued to hold office as superintendent and to perform its duties as a matter of right and of duty affecting the welfare of the community, no successor having been elected or qualified pursuant

to a majority vote of the six member board; and that his appointment was not only for a term ending on June 30, 1940, but until his successor was duly elected and qualified. The plaintiff's replication denied the new matter alleged in the plea. The court rendered judgment for the defendant.

The plaintiff assigns error in the court's conclusions and in its overruling of his claims of law. The court concluded that the defendant had the right and duty upon the expiration of his term of office to continue to discharge the duties of such office, and to receive the emoluments thereof, until a successor had been appointed; that the provisions of § 243c of the General Statutes, Cum. Sup. 1935, are directory merely and not mandatory, and do not remove this office of superintendent from the application of the general rule relative to a public officer's right to hold over, nor manifest a legislative intent that the superintendent shall not hold over after the termination of a term of office; and that the facts do not negative any right in the defendant so to hold over. This being a quo warranto proceeding, it lies only to test the defendant's right to hold office de jure. *State ex rel. Oakey* v. *Fowler*, 66 Conn. 294, 32 Atl. 162; *Duane* v. *McDonald*, 41 Conn. 517, 520; *State ex rel. Morris* v. *Bulkeley*, 61 Conn. 287, 376, 23 Atl. 186; *State ex rel. Eberle* v. *Clark*, 87 Conn. 537, 541, 89 Atl. 172. Unless the right of the defendant implicit in these conclusions stems from legal title to the office, judgment must go against him. *State ex rel. Southey* v. *Lashar*, 71 Conn. 540, 545, 42 Atl. 636. The errors assigned in overruling the plaintiff's claims of law present the single additional question whether the defendant's position as de facto officer could be maintained only until these quo warranto proceedings established that he was not a de jure officer where-

upon he should have been ousted by the court. Additional facts found are that shortly before the defendant's term expired, at a board meeting a motion to consider candidates for the office of superintendent was defeated by a vote of three to three; that there was no holdover provision in the defendant's contract; that there were more than sixteen hundred pupils, fifty-eight teachers, and other employees in the Plainville school system; and that there was no one to perform the duties of the office of superintendent when it is vacant. The question determinative of the appeal is whether under § 243c and upon the undisputed facts the defendant held over as superintendent de jure after June 30, 1940.

Where, as in this case, there is no provision that the officer shall hold over until his successor is elected and qualified, by the weight of authority ". . . in the absence of an express or implied constitutional or statutory provision to the contrary, an officer is entitled to hold his office until his successor is appointed or chosen and has qualified, . . ." 46 C. J. 968; 43 C. J. 646; 1 Dillon, Municipal Corporations (5th Ed.) § 411; 2 McQuillin, Municipal Corporations (2d Ed. Rev.) § 507. This principle has been recognized repeatedly in the decisions of this court but it has been held that where, by the constitution or statute, a fixed term is specified, without provision for continuance thereafter, the incumbent ceases to hold office de jure after the expiration of the term. *Brown, State's Attorney, ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 303, 184 Atl. 382; *Alcorn, State's Attorney, ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 435, 439, 181 Atl. 340; *State ex rel. Lyons* v. *Watkins,* 87 Conn. 594, 596, 600, 89 Atl. 178; *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 545, 89 Atl. 172. While in three earlier cases it was held that the officer in question held over de jure, none

of these was a quo warranto proceeding where the legal title of the office was directly in question, and in each the significance of the absence of any restrictive provision was specifically referred to in the opinion. *McCall* v. *Byram Mfg. Co.*, 6 Conn. 428, 438; *Spencer* v. *Champion*, 9 Conn. 536, 543; *Congregational Society of Bethany* v. *Sperry*, 10 Conn. 200, 207.

In appointing the defendant the board of education acted pursuant to § 243c which provides: "The board of education of each town shall provide for the supervision of the schools under its control by a superintendent or supervising agent. If any such board shall elect a superintendent, such election shall be by ballot, and the board shall fix the salary of the superintendent and his term of office, which shall not exceed three years. . . . A majority vote of all the members of the board of education shall be necessary to an election. . . ." The board under authority of the statute, having fixed the term to which the defendant was elected at three years with no provision for holding over, and this action having been implemented by a contract on the same terms, the question determinative of this appeal is resolved to this: is the board's action to be accorded the same effect as would be given an identical enactment by the legislature, so that under the principle above stated, the defendant ceased to hold office de jure at the expiration of the term prescribed. The power to provide a superintendent is obviously one properly delegated by the legislature to the board. The statute expressly requires that it employ a superintendent, prescribes the nature of the vote to be taken to this end and directs that the board fix his term and salary. The board fully met and complied with the terms of the statute in electing the defendant. We conclude therefore that the principle does apply in this case and that the term fixed by the board having

then expired the defendant's term de jure ended on June 30, 1940. This being so, in this proceeding which is one to test his right to hold the office de jure, he cannot prevail.

The record discloses that the right of Rowland E. Hoerle as chairman of the board of education to instigate and participate in this quo warranto proceeding as relator, has neither been questioned by the defendant's pleadings or claims of law, nor by the court's conclusions. The proceeding is therefore to be regarded as one properly instituted by a proper party. The defendant's title to the office having been thus challenged, and he for the reasons we have stated having no right to it de jure, the plaintiff is entitled to judgment that the defendant be ousted and altogether excluded therefrom. 9 Standard Cyc. of Proc., p. 1017.

There is error, and the Superior Court is directed to enter judgment in favor of the plaintiff, that the defendant be ousted and altogether excluded from the office of superintendent of schools of Plainville.

In this opinion the other judges concurred.