HUGH M. ALCORN, JR., STATE'S ATTORNEY
EX REL. JOHN T. McCARTHY
*vs.*
ELMER S. WATSON

Superior Court    Hartford County    File No. 73691

MEMORANDUM FILED AUGUST 25, 1945

*Samuel Reich* and *Adrian Maher,* of Bridgeport, for the Plaintiff.

*William L. Hadden, Attorney General,* for the Defendant.

QUINLAN, J.  This quo warranto proceeding raises the question of whether a vacancy existed on June 1st or June 7th, 1945, in the office of Commissioner of Motor Vehicles which, under the statute, the Governor was empowered to fill without the advice and consent of the Senate.  It seems unnecessary to discuss at any length either the history of the statute or the underlying decisions, since both parties have indicated a disposition to reach our appellate court in the shortest possible time, and hence this decision will not be a final one.

The statute, section 1549 of the General Statutes, Revision of 1930, provides as follows: "The governor shall nominate and, with the advice and consent of the senate, appoint, on or before May 1, 1933, and quadrennially thereafter, a commissioner of motor vehicles, who shall hold office for a term of four years from the first day of June in the year of his appointment and until his successor shall have been appointed and qualified.  If any vacancy shall occur in the office when the general assembly shall not be in regular session, it shall be filled by appointment by the governor, and such appointee shall hold office until the convening of the next regular session of the general assembly, when said office shall be filled by appointment by the governor by and with the advice and consent of the senate.  The governor may, for cause and after public hearing, remove said commissioner from office."

During the administration of Governor Simeon E. Baldwin, who had also been Chief Justice of our Supreme Court, the then Attorney General of the State, Hon. John H. Light, passed on a similar question in 1911 and again in 1913.  The question is discussed in the case of *Alcorn ex rel. Hendrick vs. Keating,* 120 Conn. 427, while the basic decision in the country is *State ex rel. vs. Howe,* 25 Ohio St. 588.

Although Governor Simeon E. Baldwin's appointee was not confirmed before the Legislature adjourned, the Governor made no attempt to fill a vacancy.

In 1913 the Governor renominated his nominee of 1911, which brought a request of Attorney General Light for an opinion as to whether the incumbent held over for a full period of four years. The opinion is referred to in the case of *Alcorn ex rel. Hendrick vs. Keating, supra,* and is herewith quoted as dispositive of the various forms in which the question here involved is submitted by the defendant (respondent). "If the Senate consents to this appointment, he may legally succeed the present incumbent of the office, who holds only 'until his successor is chosen and qualified.' The successor here meant cannot be the appointee of the governor *alone,* but the appointee of the governor, with the advice and consent of the senate. *State vs. Howe,* 25 Ohio St. R. 593. The present incumbent is not only an officer de facto but an officer *de jure* as well; but a vacancy may be created in office by the appointment of a successor, with the advice and consent of the senate. The statute contemplates that a successor shall be chosen in this way. The governor may fill a vacancy until the rising of the next succeeding general assembly, but he cannot appoint a successor to an incumbent legally holding over, except with the advice and consent of the senate. The law provides that the highway commissioner shall be appointed for the term of four years and until his successor is chosen and qualified, and he is hereby authorized to continue to hold and exercise his office until he is superseded by the appointment and qualification of another person in his place. *This right to hold over continues until a successor has been appointed by the same constituted authorities as those to which the incumbent owes his appointment and which by law are entitled to appoint a successor.* *State vs. Harrison,* 133 Ind. 439; *State vs. Howe,* 25 Ohio St. R. 595."

This means that the plaintiff is not only an officer *de facto* and an officer *de jure,* also that he does not hold over for the full term of four years, but may be legally succeeded by the appointment of someone by the Governor with the advice and consent of the Senate in the 1947 Legislature.

This opinion is followed by the *Alcorn ex rel. Hendrick vs. Keating* case, *supra,* the pertinent parts of the opinion being as follows (p. 432) : "It is generally held that where the provision is that the incumbent shall hold until his successor is elected or appointed and qualified, without other provisions or considerations modifying or affecting it, there is not a vacancy

to be filled in the manner provided for the filling of vacancies by other than the power and in the manner originally authorized to elect or appoint."

And again (p. 433) : ". . . .'the governor should appoint only where there is no party authorized by law to discharge the duties of the office. The object was to prevent a public inconvenience arising from the want of a party authorized for the time being to discharge the duties of a public office. When there is a party expressly authorized by law to discharge these duties temporarily, till the power upon whom the duty of election or appointment is devolved can regularly act, there is no occasion for calling into exercise this extraordinary power vested in the governor to make a merely *temporary* appointment. The very reason upon which the power is vested in the governor fails, and the case provided for has not arisen'."

And as very applicable to the case at bar (p. 435) : "If this statute merely made the usual provisions for an appointment for a specified term 'and until his successor is appointed and qualified'. . . . it *would be clear, in our opinion, that the relator would be authorized thereby and entitled to hold over until a successor had been appointed with the advice and consent of the Senate."* (Italics added.)

The distinction between that case (which involved appointment to the Board of Finance and Control) and this case, is that there one member must be appointed every two years, thus maintaining a six-year cycle, which was a part of the genius of construction of that board, and also because the hold over clause in the Board of Control Act is in a separate sentence.

It is true the language of the plaintiff's commission provided that he should hold office from June 1, 1941, for a term of four years and the words "until his successor shall have been appointed and qualified" are omitted. It is interesting to note, at once, the insignificance now attached by the plaintiff's (relator) attorney to the wording of Mr. McCarthy's commission and compare it with the attitude taken at the time counsel met with the court in an effort to agree on the facts. At that time the endeavor to include the wording of the commission was considered of so much importance as to completely thwart a stipulation.

It is beside the question, however, because, of course, a Governor cannot change the term fixed by the Legislature and

in fact it is of no more significance now than it was at the time that counsel conferred on a stipulation.

The court takes judicial notice that the Senate of the last General Assembly was Democratic, and the House, Republican. It is a matter of history that this situation caused difficulty. What the defendant says in his brief as to the effect of the Senate refusing to do anything about such a nomination constituting a defiance and frustration of the Governor is something which courts are powerless to remedy, if full recognition is given to our division of powers in three departments of government. The result may also have the effect stated in the time of President Washington: "From this fact the inference may fairly be drawn that it was not at that early day supposed that the senate could, in the just exercise of its power, arbitrarily and without assigning reasonable cause, reject the president's nominations. Such conduct by the senate, in his presence, would have been discourteous and offensive, and a virtual usurpation of the right to nominate." *State ex rel. Fritts vs. Kuhl,* 51 N.J.L. 191, 194, 17 Atl. 102, 103.

The answer is that the Senate and the House are elected by the people. They legislate as representatives of the people. In a democracy the people may be deliberate in approaching their objectives, but if it is their wish that the conditions prevailing and which may well repeat itself, should be corrected, the Assembly will be responsive.

Judgment is rendered for the plaintiff and that the plaintiff (relator) recover his costs.