STATE EX REL. ELMER W. RYAN v. JOHN M. BAILEY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 17—decided June 7, 1946

*William L. Hadden,* attorney general, and *Bernard A. Kosicki,* assistant attorney general, for the plaintiff.

*Samuel Reich,* with whom were *Adrian W. Maher* and, on the brief, *Benedict Moss,* for the defendant.

BROWN, J. The issue in this case is whether the relator, hereinafter called the plaintiff, has been duly appointed to the office of statute revision commissioner as successor to the defendant. The case was reserved for the advice of this court upon a stipulation of facts. Those essential to our decision may be summarized as follows. The defendant was appointed statute revision commissioner pursuant to § 2220 of the General Statutes "for the term of four years from July 1, 1941," and he duly qualified under this appointment. Neither the governor's nomination nor the resolution adopted by the senate approving and confirming it made reference to any extension of this term. On April 26, 1945, while the legislature was in session, the governor, pursuant to § 2220, communicated to the senate the nomination of the plaintiff as statute revision commissioner "for the term of four years from July 1, 1945." The committee on executive nominations of the senate, to which the nomination was referred, did not report thereon, and the senate took no action upon the nomination before the final adjournment of the General Assembly on June 6, 1945. On June 21, 1945, the governor appointed the plaintiff to be statute revision commissioner to fill the purported vacancy for the unexpired portion of the term ending June 30, 1949, succeeding the defendant, and issued to the plaintiff his commission for such unexpired term. On July 2, 1945, the plaintiff accepted the appointment, took the oath of office and commenced his duties as statute revision commissioner. From that time until this action was instituted on January 29, 1946, the plaintiff and the de-

fendant have each occupied the office of, and each has attempted to act as, statute revision commissioner.

Upon the foregoing facts, these questions are propounded: 1. Was there a vacancy on July 1, 1945, in the office of the statute revision commissioner which could lawfully be filled by the governor without the advice and consent of the senate? 2. Was the defendant Bailey on July 2, 1945, a de jure statute revision commissioner? 3. Is the plaintiff Ryan legally entitled to succeed the defendant as statute revision commissioner?

Section 2220 provides in part: "The governor shall, on or before the first day of May, 1933, and quadrennially thereafter, nominate and, with the advice and consent of the senate, appoint a statute revision commissioner, who shall hold office for four years from the first day in July in the year of his appointment. The governor shall fill any vacancy occurring in said term for the unexpired portion thereof." The language of the first sentence of this section is essentially the same as that of § 1549, which provides for the appointment of a commissioner of motor vehicles, except that the latter further specifies that such appointee, in addition to the four-year term stated, shall also "hold office . . . until his successor shall have been appointed and qualified." In construing the effect of this sentence in § 1549 in our recent decision in the case of *State ex rel. McCarthy* v. *Watson*, 132 Conn. 518, 45 A.2d 716, we said (p. 533): "The provision that an incumbent shall continue in office until his successor shall be appointed and qualified clearly shows that the legislature definitely contemplated the fact that there might be a failure to appoint in accordance with the preceding part of the sentence and expres-

ses an intent that in such an event the incumbent is to continue to hold the office." We accordingly held in that case, upon a factual situation substantially identical with that now before us, that had there been no such provision for continuance there would have been a vacancy in the office, but that by virtue of that provision the incumbent, upon the expiration of the four-year term to which he had been appointed, continued in office de jure and not de facto.

In support of the defendant's contention that he likewise continued in office here as commissioner de jure and that therefore there was no vacancy he relies upon § 95e of the 1939 Cumulative Supplement to the General Statutes. This provides: "APPOINTED OFFICERS. Unless otherwise specifically provided by law, each person appointed or nominated for appointment by the governor, with or without the advice and consent of the general assembly, or either house thereof, and each person appointed or elected by the general assembly, or either house thereof, shall be sworn and shall hold office for the term prescribed by law and until his successor shall be appointed and shall have qualified. Such persons shall receive no compensation for services unless the same shall be prescribed by law, but shall receive their actual and necessary expenses incurred in the performance of their official duties." If this statute, originally enacted as it was in 1937, subsequent to the adoption of § 2220, is effective to amend § 2220 by extending the four-year term of appointment for which that provides until the appointee's "successor shall be appointed and shall have qualified," the defendant was a de jure commissioner on July 2, 1945, and there was no vacancy which could be lawfully filled by the governor without the advice and consent of the senate. *State ex rel. McCarthy*

v. *Watson,* supra. Whether it has this effect is the question decisive of this reservation.

The question is one of statutory construction, which imposes upon us the duty of determining the intention of the legislature as expressed by it. *Grace Hospital Society* v. *New Haven,* 119 Conn. 146, 154, 174 A. 411. To ascertain this intent, "the statute is to be considered in the light not only of its language but of its history, the purpose it is designed to serve, and the circumstances attending its enactment. *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709; *State ex rel. Pape* v. *Dunais,* 120 Conn. 562, 567, 181 A. 721." *Glanz* v. *New Haven Board of Zoning Appeals,* 123 Conn. 311, 315, 195 A. 186. One of the pertinent circumstances to be considered is that, prior to the original enactment of what is now § 95e, if, as here, upon the expiration of the four-year term of a commissioner duly appointed under § 2220 no successor had been appointed with the advice and consent of the senate, as § 2220 requires, there would be no de jure officer under it to discharge the duties of the office. The importance of avoiding this contingency by provision for keeping this position uninterruptedly filled by a de jure officer is manifest. Another significant fact is that at that time there were more than twenty-five state offices which the applicable statutes provided should be filled by concurring action of the governor and the General Assembly or one house thereof, or by the General Assembly, or by one house only. In nearly half of these statutes, as in § 2220, there was no provision for the extension of the term specified, while the rest, like § 1549, providing for the appointment of the motor vehicle commissioner, did make such provision. No sufficient reason appears for this lack of uniformity.

This court by a decision rendered November 5, 1935, emphasized and made clear that "In the absence of a definite provision that an officer shall hold not only for the specified term but also until his successor is elected or appointed and qualified, while the incumbent is held to be entitled to hold over until a successor is chosen, he is generally regarded as holding de facto only, so that his occupancy of the office does not prevent the existence of a vacancy to be filled by the authority duly empowered to do so." *State ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 434, 181 A. 340. The legislative history of § 95e shows that it was originally enacted as § 5 of chapter 132 of the Public Acts of 1937, entitled "An Act Concerning Executive Offices," and that it was adopted after the report of the reorganization commission created by the General Assembly during its 1935 session had been submitted to the 1937 Assembly. These facts, in the light of the sequence of events which they manifest, are strongly indicative that the intent of the legislature in adopting § 95e was so to amend § 2220, together with the other statutes in which no extension of the term was specifically provided, as to eliminate the possibility of there being no de jure officer upon such a failure of appointment as we have recited.

The statute revision commissioner falls within the designation in § 95e of a "person appointed or nominated for appointment by the governor, with . . . the advice and consent of the general assembly, or either house thereof." By the further provision in the act that every appointee under it "shall hold office for the term prescribed by law and until his successor shall be appointed and shall have qualified," the legislature gave apt and clear expression to the intent which we have stated. Whether

the words quoted are operative as an amendment of § 2220, however, further depends upon the effect to be accorded the initial provision of § 95e: "Unless otherwise specifically provided by law." No statute prescribes that the statute revision commissioner shall not hold over as is specified by the extension provision. There is no statute which in terms provides for filling a vacancy arising from the expiration of his designated term, so that no means of meeting this contingency is "otherwise specifically provided by law." The necessary effect of holding that § 95e is operative to amend § 2220, as applied to the facts in this case, is to extend the term under § 2220 so that, instead of expiring at the end of four years, it continues until the incumbent's successor is duly appointed and qualified. Therefore the clause "unless otherwise specifically provided by law" does not affect the applicability of the extension provision of § 95e. We conclude that this provision does constitute an effective amendment of § 2220 and that, accordingly, the mere passage of the four-year period would give rise to no vacancy.

Other considerations serve to confirm this conclusion. As already pointed out, the amendment was one designed to benefit the public by guarding against the danger of there being no de jure officer to discharge the duties of an office to which it applied, with the consequent confusion and inconvenience which that was likely to involve. See *State ex rel. Hendrick* v. *Keating*, supra, 433. As a remedial statute, therefore, it "should receive as liberal a construction as can reasonably be given, to effectuate its beneficial purpose." *Lovejoy* v. *Isbell*, 70 Conn. 557, 562, 40 A. 531; *State ex rel. Stamford* v. *Board of Purchases & Supplies*, 111 Conn. 147,

161, 149 A. 410. Furthermore, the presumption is that the legislature in adopting § 95e did so in view of existing relevant statutes and with the intention that it be read with them so as to make one consistent body of law. *Hartley* v. *Vitiello,* 113 Conn. 74, 83, 154 A. 255. Our conclusion as to the effect of § 95e insures this result in so far as the office of statute revision commissioner is concerned. The term of four years originally provided for a commissioner duly appointed pursuant to § 2220 is now extended by § 95e until such time as the appointee's successor shall be appointed and shall have qualified, and the governor's power conferred by § 2220, entitling him to fill any vacancy occurring in such four-year term by death, removal, resignation or like cause, continues operative throughout the defendant's term as extended. In short, our conclusion may well be summarized by this paraphrase of our language in *State ex rel. McCarthy* v. *Watson,* supra (p. 534): To construe §§ 2220 and 95e as meaning primarily that there shall be an appointment of a statute revision commissioner every fourth year but if for any reason that appointment is not duly made the incumbent shall continue in office until a successor is duly appointed gives effect to all relevant provisions of the statutes and accords with the underlying purpose which their language indicates was in the mind of the legislature.

Since, by virtue of our conclusion, § 2220 is supplemented rather than supplanted by § 95e, no repeal by implication is involved as argued by the plaintiff. A further contention of the plaintiff, as we understand it, is that, because § 2220 empowers the governor to fill any vacancy in the "term" for the unexpired portion of the four years for which

he may appoint, this provision must prevail over that of § 95e that an incumbent shall hold "office" until his successor is appointed and qualified. This is on the ground, as stated in his brief (A–222 Rec. & Briefs, back of p. 133), that "Where the statute speaks of 'vacancy in term' and provides for the manner of filling such vacancy, such provisions must be given effect rather than general provisions pertaining to vacancies in office." Whatever merit this argument might have under other circumstances it cannot prevail in this case, where the evidence as to the legislature's contrary intent is so compelling. Nor is *State ex rel. Hendrick* v. *Keating*, supra, authority for the plaintiff's contention that the vacancy provision in § 2220 should prevail over the succession provision of § 95e. A vital consideration in that case was the preservation of a system of succession, a material factor which is not involved here.

A final claim of the plaintiff is that to hold § 95e effective to extend the term of the statute revision commissioner under § 2220 is to restrict instead of amplify the governor's powers in violation of the purpose of the Reorganization Act, chapter 132 of the Public Acts of 1937, of which it was a part. This act did increase the governor's powers in several respects and by § 2 expressly authorized him to "appoint any officer of the state whose office is provided for by law but for whose appointment no other provision is made by the constitution or the statutes." When the chapter is considered in its entirety it does not afford convincing support for the plaintiff's contention. Prior to its enactment this court had pointed out in its opinion in *State ex rel. Hendrick* v. *Keating*, supra, 432, that under an operative holdover provision with wording similar to that in § 95e there was "not a vacancy to be filled in

the manner provided for the filling of vacancies by other than the power and in the manner originally authorized to elect or appoint." Under the circumstances, the adoption of the language used in § 95e may well be indicative of an intent upon the part of the General Assembly to retain rather than to surrender control over appointive officers, notwithstanding the enlargement of powers granted the governor by other sections of the act.

Our answer to the first question reserved is "No"; to the second, "Yes"; and to the third, "No." No costs will be taxed in this court.

In this opinion the other judges concurred.