STATE EX REL. JAMES J. WHELAN *v.* AXEL W. LINDSTROM

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 4—decided June 7, 1946

*Lawrence S. Finkelstone,* with whom were *Lawrence E. Levy* and, on the brief, *George N. Finkelstone* and *Douglas A. Finkelstone,* for the plaintiff.

*E. Gaynor Brennan,* with whom were *John M. Hanrahan* and, on the brief, *Leo V. Gaffney* and *Melvin M. Dichter,* for the defendant.

BROWN, J. The issue in this case is whether the defendant has been duly appointed to the office of county commissioner for Fairfield County as successor to the plaintiff. The case was reserved for the advice of this court upon a stipulation of facts. Those essential to our decision may be thus summarized: On June 27, 1941, the plaintiff was duly appointed to the office of county commissioner for Fairfield County by the General Assembly "for the term of four years from October 1, 1941," and qualified under this appointment. Neither the res-

olution adopted by the General Assembly nor the commission issued by the governor pursuant to it made reference to any extension of this term. The General Assembly adjourned its 1945 session sine die without appointing a successor to the plaintiff. Subsequently, on June 21, 1945, the governor appointed the defendant a county commissioner for Fairfield County "to fill vacancy from October 1, 1945, until the sixth Wednesday of the next session of the General Assembly and until a successor shall be appointed and shall have qualified," and on October 1, 1945, the defendant duly qualified pursuant to this appointment. Since that time both the plaintiff and the defendant have claimed to be performing the functions of county commissioner for Fairfield County and each claims title to that office.

Upon the foregoing facts, these questions are propounded: 1. On October 1, 1945, did a vacancy in the office of county commissioner for Fairfield County exist by reason of the failure of the General Assembly during its 1945 session to appoint a successor to the plaintiff? 2. Did the governor have the power to appoint the defendant a county commissioner for Fairfield County upon the failure of the General Assembly to act? 3. Is the defendant a duly appointed county commissioner for Fairfield County?

Section 199 of the General Statutes provides: "There shall be three county commissioners in each county, who shall be appointed by the general assembly and shall hold office for four years from the first day of October next following their appointment. The general assembly, at its regular session in the year 1931, and quadrennially thereafter, shall appoint two commissioners in each county, and at its regular session in the year 1933, and

quadrennially thereafter, shall appoint one commissioner in each county." Section 11c of the 1935 Cumulative Supplement to the General Statutes provides: "When the general assembly shall not be in session and when no other provision shall have been made for filling any vacancy in an office originally filled by the general assembly . . . the governor may fill the same until the sixth Wednesday of the next session of the general assembly, and until a successor shall be elected or appointed and shall have qualified. . . ." It was under this authorization that the governor acted in appointing the defendant. Whether the appointment so made was valid depends upon whether there was a vacancy in the office on October 1, 1945; that is, whether the plaintiff continued to fill the office de jure on that date. *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 547, 89 A. 172; *State ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 431, 181 A. 340.

Here, as in the case of *State ex rel. Ryan* v. *Bailey,* 133 Conn. 40, 48 A.2d 229, which we have this day decided, for reasons similar to those stated in that opinion a vacancy did exist, unless § 95e of the 1939 Cumulative Supplement to the General Statutes, originally enacted in 1937, was effective to extend the incumbent's tenure beyond the four years prescribed in the statute authorizing his appointment. The determination of the question whether § 95e was so effective depends upon whether the initial clause of § 95e renders inoperative the provision for the extension of tenure which follows it. The pertinent part of § 95e reads: "Unless otherwise specifically provided by law, each person . . . appointed or elected by the general assembly . . . shall hold office for the term prescribed by law and until his successor shall be ap-

pointed and shall have qualified." In the light of our decision in *State ex rel. Ryan* v. *Bailey,* supra, this can only mean that under the facts of this case the plaintiff incumbent's term is extended until the appointment and qualification of his successor unless it is otherwise specifically provided by some statutory provision. It is not so provided by § 199, under which he was appointed, for this section merely fixes the term of county commissioners at four years and contains no words either providing for a continuance beyond the expiration of that time or prohibiting such continuance. Neither does § 11c, the only other statute claimed to be relevant, so provide. While the office of county commissioner falls within its terms, that section is operative only to empower the governor to fill "any vacancy" which occurs. The necessary effect of holding that § 95e extends the plaintiff's term is to eliminate such a vacancy under the facts in this case. We therefore conclude here, as we did in *State ex rel. Ryan* v. *Bailey,* supra, that the clause "unless otherwise specifically provided by law" does not affect the applicability of the extension provision of § 95e. It follows that here, as in that case, the mere passage of the four-year period gave rise to no vacancy. Therefore the governor did not have the power to appoint the defendant county commissioner of Fairfield County, and the plaintiff is the de jure incumbent of that office. *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 45 A.2d 716.

The authority principally relied upon by the defendant in support of his contention that there was a vacancy which the governor was empowered to fill under § 11c is the case of *State ex rel. Lyons* v. *Watkins,* 87 Conn. 594, 89 A. 178. In that case the factual situation was substantially the same as in

the present case, and this court held that there was a vacancy which the governor properly and effectively appointed a successor to the incumbent of the original four-year term to fill. That case is clearly distinguishable, however, because in it the statute under which the original appointment was made provided for nothing more than a fixed four-year term for county commissioners. Now, by virtue of § 95e, which was subsequently enacted, and for the reasons which we have stated, a county commissioner's term is for four years and until a successor is appointed and qualified, so a vacancy is precluded.

Our answer to the first question reserved is "No"; to the second, "No"; and to the third, "No."

No costs will be taxed in this court.

In this opinion the other judges concurred.