STATE EX REL. JULES A. KARP v. WESLEY GRYK

WYNNE, C. J., DALY, KING, MURPHY and SHAPIRO, JS.

Argued October 10—decided November 26, 1957

*Jay E. Rubinow,* with whom were *Paul B. Groobert, Arthur M. Lewis, William T. Shea* and, on the brief, *John D. LaBelle,* for the plaintiff.

*Ernest W. McCormick,* with whom were *Denis T. O'Brien, Jr.,* and *Lee C. Fielden,* for the defendant.

DALY, J. This action is brought to determine the title to the office of judge of the Town Court of Manchester. The case has been reserved for our advice.

For the reasons stated in *State ex rel. Barlow* v. *Kaminsky,* decided this day, we must first determine whether the office in question is an office which was "originally filled" by the General Assembly.

In 1895 the Town Court of Manchester was established by a special act providing that "[t]here is hereby established in the town of Manchester a court to be styled and called the town court of Manchester." 12 Spec. Laws 479, No. 340, § 1. The act provided that the "court shall be held to be a police court" and that "[t]here shall be a judge and deputy judge of said court, to be appointed by the general assembly, and they . . . shall hold their respective offices for two years." Id., 480, §§ 2, 4. The first judge and deputy judge of the court were appointed by the General Assembly in 1895. Id., 643, 646.

In 1947, the charter of the town of Manchester was revised. 25 Spec. Laws 217. The special act provided that it should be submitted for approval to the electors of the town of Manchester at a special election called for the sole purpose of acting upon it, to be held not later than December 1, 1947. Id., 265, § 12. The act also provided: "There shall continue to be a court to be called 'Town Court of Manchester,' which shall have criminal jurisdiction of all crimes and misdemeanors committed within the territorial limits of the town of Manchester and of all violations of ordinances, by-laws and regulations of said town and shall have, subject to appeal, the criminal jurisdiction conferred by the general statutes upon municipal courts in a town having a population of fifteen thousand or more. Said court shall continue to have jurisdiction over all matters pending before the town court of Manchester when this act shall become effective." Id., 258, § 1. It was provided that the "court shall be held to be a police

court" and that "[t]here shall be a judge and deputy judge of said court to be appointed in the manner provided by law, who shall take the oath provided for judicial officers, and shall hold their respective offices for two years, commencing on the first day of July next following their appointment, and until others are appointed and qualified in their stead." Id., 258, §§ 2, 4. It is obvious that the Town Court of Manchester was continued by the special act. Although the charter was revised, the existence of the court established in 1895 was continued.

On or about April 28, 1955, during the 1955 session of the General Assembly, the governor nominated the defendant to be judge of the court "for a term of four years from July 1, 1955." The General Assembly adjourned on June 8, 1955, without having taken any action on the nomination. Thereafter, on June 21, 1955, the governor appointed the defendant to be judge of the court "to fill vacancy from July 1, 1955, until the sixth Wednesday of the next session of the General Assembly, and until your successor shall be appointed and shall have qualified." On July 1, 1955, the defendant accepted his appointment, duly qualified as judge of the court and thereafter served as judge. On February 20, 1957, during the 1957 session of the General Assembly, the governor nominated the plaintiff to be judge of the court "for the unexpired portion of the term ending June 30, 1959." The General Assembly adjourned on June 10, 1957, without having taken any action on the nomination. Thereafter, on June 21, 1957, the governor purported to appoint the plaintiff to be judge of the court "to fill vacancy until the sixth Wednesday of the next session of the General Assembly and until your successor shall be appointed and shall have qualified." We conclude that the office in question was one

"originally filled by the general assembly" as that phrase has been defined in *State ex rel. Barlow* v. *Kaminsky,* decided this day. It follows that the office is one to which the governor may make vacancy appointments under § 92 of the General Statutes.

Section 92 empowers the governor, when the General Assembly is not in session, to fill a "vacancy in an office originally filled by the general assembly . . . until the sixth Wednesday of the next session of the general assembly, and until a successor shall be elected or appointed and shall have qualified." In accordance with the authority given to him by this statute, the governor on June 21, 1955, legally appointed the defendant to be judge of the court, "to fill vacancy from July 1, 1955, until the sixth Wednesday of the next session of the General Assembly, and until your successor shall be appointed and shall have qualified." The words "from July 1, 1955, until the sixth Wednesday of the next session of the General Assembly, and until your successor shall be appointed and shall have qualified" mean, of course, subject to the limitations of § 15c of the 1953 Cumulative Supplement (Cum. Sup. 1955, § 25d), until the defendant's successor should be properly appointed in accordance with the provisions of the forty-seventh amendment[1] to the state constitution as implemented by the enabling legislation which made the amendment fully operative on May 8, 1953. Cum. Sup. 1953, §§ 12c-16c (Cum. Sup. 1955, §§ 22d-26d). Since a successor to the defendant could have been appointed, for the balance of the four-year term which started on July 1, 1955, only

---

[1] "The judges of minor courts, including town, city, borough and police courts, shall, upon nomination by the governor, be appointed by the general assembly for such term and in such manner as shall be by law prescribed." (Now Conn. Const. Art. V § 6.)

by the General Assembly on nomination by the governor, and since no successor had been so nominated and appointed, the defendant now is, and since July 1, 1955, has been, the de jure judge of the Town Court of Manchester. See *State ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 434, 181 A. 340.

The questions upon which our advice is desired are: "1. Is Wesley Gryk a de jure Judge of the Town Court of Manchester? 2. Is Jules A. Karp a de jure Judge of the Town Court of Manchester?" Our answer to question 1 is "Yes," and to question 2, "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.