State *ex rel.* City of Waterbury *v.* Martin.

━━━━●◆●━━━━

46 479
66 305

## STATE EX REL. CITY OF WATERBURY *vs.* THOMAS MARTIN.

The charter of the city of *W* provides for the election of a board of road com-missioners, and an ordinance passed by the common council under the charter provides that this board shall appoint a street inspector, who shall hold office not exceeding three years, but shall be removable by the board for due cause. Held that a street inspector so appointed was a public officer, and as such subject to the operation of a writ of quo warranto.

The board from time to time appointed inspectors of streets, stating the terms, always less than three years, for which the particular appointments were made. Held that as the terms were not prescribed by an ordinance of the common council, the particular terms thus fixed by the board were legal terms.

*C* was thus appointed inspector for a term beginning January 1, 1878, and end-ing May 1, 1878. On the 19th of March, 1878, the board passed a resolution

declaring the office vacant and appointed *M* thereto for a term of three years. Held that the board had no power to pass such a resolution, and that the appointment of *M* was not legal.

*M* accepted the office and entered upon the discharge of its duties and continued to hold the office after *C's* term had expired. Held that he was an officer *de facto*.

And held that, while discharging the duties of the office and during the term for which he was appointed, his powers and duties were determined by the ordinance defining them, and could not be affected by a vote of the board.

Where an information in the nature of a writ of quo warranto was filed by the State's Attorney against *M* upon the relation of an inhabitant of the city, it was held necessary that the relator should be a tax-payer of the city.

INFORMATION in the nature of a writ of quo warranto; brought to the Superior Court in New Haven County. The relators were the City of Waterbury, and Eugene S. Wyman, who was averred to be " treasurer of the city and a tax-payer therein." The facts were found by the court and the case reserved for advice. The case is sufficiently stated in the opinion.

*S. W. Kellogg*, for the relators.

*J. W. Webster* and *G. E. Terry*, for the defendant.

PARDEE, J. By its charter the city of Waterbury is author. ized to care for its public streets through the instrumentality of a board of road commissioners. The second section of an ordinance relating to streets, passed under the charter, provides that " there shall be appointed by said board a street inspector, who shall hold office not exceeding three years, but shall be removable by said board for due cause, &c." This officer comes therefore to the discharge of his important duties by accepting an appointment; he enters into no contract relation to the city; he can resign and cease to discharge the duties of the place without exposing himself to an action for a breach of contract; he can enforce his right to the place and salary unless removed for cause; neither the commissioners nor the council can, at will, deprive him of either. He is therefore a public officer, and as such subject to the operation of the writ of quo warranto.

The charter empowers the common council to establish the

duration of the term of the office of street inspector at or within the period of three years. This power of limitation has not been otherwise exercised than by the passage of the ordinance quoted above. Under that James M. Colley was appointed on April 11th, 1872, for the term of three years from January 1st, 1872; he resigned on April 1st, 1874; David Welton was appointed for a term not to exceed three years; for some reason not of record Colley was re-appointed on May 5th, 1875, for a term ending January 1st, 1878, and on January 5th, 1878, was appointed for a third term ending on the first Monday in May, 1878.

The council having refrained from any direct exercise of its power to determine the length of time during which each inspector should hold office under one appointment, and having recognized and acquiesced in the several appointments made by the commissioners, with a different duration affixed to each, the term of office of the appointee is that which they name, if within charter limits, at the time of his election.

The term of James M. Colley extended to the first Monday in May, 1878. Therefore the action of the commissioners on the 9th of March, 1878, in declaring the office to have been vacant from the first day of January preceding, and in electing the respondent thereto, was null and void; they had previously exhausted, for a term, their power in reference to the appointment. Colley had a right to the office, unless removed for cause, until the expiration of his term.

On March 10th, 1878, the clerk of the commissioners notified the respondent of his election; on March 14th he accepted the office and took the prescribed oath. Here was the form of an election by commissioners who had the power, in a proper manner and at a proper time, to elect; here was an acceptance, and there has been no resignation by the respondent. Since the expiration of Colley's term no other person has exercised or claimed the office; and since that time the respondent has been in a position to bind the city by his acts as an inspector *de facto*. It is true that on June 13th, 1878, the commissioners stated "that Thomas Martin be and he is hereby instructed from this date to execute all

NEW HAVEN COUNTY.

orders of the board of road commissioners in relation to streets and highways of the city, and all orders of said board made within the provisions of the charter and ordinances of the city, and all orders of said board in relation to hiring men and teams and the discharge of the same in behalf of the city, and all orders which may from time to time be incumbent upon said board to make, any vote or order heretofore passed by said board to the contrary notwithstanding; and all orders or votes inconsistent herewith are hereby annulled and rescinded." The ordinance of the council requiring the board to appoint an inspector defines his powers and duties. The foregoing vote cannot of itself limit the power of the respondent as an inspector *de facto;* this he has by virtue of his election and acceptance in form under an ordinance which is not subject to repeal by a vote of the commissioners, and, even if in certain particulars he acts from time to time as their servant, the power of an officer *de facto* still resides in him, and he can at any time exercise it. He has not resigned it, nor has it been taken from him.

It is quite unnecessary to determine, or even consider, the question whether the city in its corporate capacity can sue for this writ; for Eugene S. Wyman is a co-relator, alleging that he is a tax-payer in the city. As such he is interested in having the duties annexed to the several public offices recognized by the city charter performed by persons legally elected thereto, and is entitled upon this proceeding to a determination as to the right of the respondent to exercise the office which he has assumed, although no other person now claims it. Under the circumstances of this case the decision should precede rather than follow the election of another to the place. The finding of facts, inadvertently we presume, omits to confirm the allegation that he is a tax-payer.

We advise judgment for the relator Wyman, if, upon further hearing for that purpose had, the Superior Court shall find that allegation to be true.

In this opinion the other judges concurred.