STATE EX REL. BOCE W. BARLOW, JR. *v.*
HARRY KAMINSKY

WYNNE, C. J., DALY, KING, MURPHY and SHAPIRO, Js.

Argued July 24—reargued October 10—
decided November 26, 1957

*Jay E. Rubinow,* with whom were *Paul B. Groobert, Arthur M. Lewis, William T. Shea* and, on the brief, *John D. LaBelle,* for the plaintiff.

*Ernest W. McCormick,* with whom were *Denis T. O'Brien, Jr.,* and *Lee C. Fielden,* for the defendant.

DALY, J. This action is brought to determine the title to the office of a judge of the City and Police

Court of Hartford. The case has been reserved for our advice.

The City and Police Court of Hartford, having both civil and criminal jurisdiction, was constituted by a special law enacted by the General Assembly in 1947. 25 Spec. Laws 88, § 1. The provisions establishing it became effective on July 1, 1949. Id., 92, § 6. The special act creating the court provided that "[t]here shall be a city and police court composed of three judges, appointed by the general assembly or as may hereafter be provided by law." In 1953, the special act establishing the court was amended to read as follows: "There shall be a city and police court composed of four judges appointed by the general assembly, upon nomination by the governor . . . ." 26 Spec. Laws 776, No. 150. The governor proclaimed on December 16, 1948, that the forty-seventh amendment[1] to the state constitution had been adopted. The amendment was not entirely self-executing but could become fully effective only when the General Assembly had fixed the term of the judges and manner in which the appointments were to be made. Compare *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638, 657, 68 A.2d 289, with *State ex rel. Cotter* v. *Leipner,* 138 Conn. 153, 161, 83 A.2d 169. It became operative as to the manner in which appointments should be made and the term of office on May 8, 1953. General Statutes, Cum. Sup. 1953, §§ 12c-16c (Cum. Sup. 1955, §§ 22d-26d).

The General Assembly having failed to appoint judges of the City and Police Court of Hartford during the 1949 session, the then governor, after the

---

[1] "The judges of minor courts, including town, city, borough and police courts, shall, upon nomination by the governor, be appointed by the general assembly for such term and in such manner as shall be by law prescribed." (Now Conn. Const. Art. V § 6.)

General Assembly had adjourned, appointed judges "to fill vacancies from July 1, 1949, until the sixth Wednesday of the next session of the General Assembly and until their successors shall be appointed and shall have qualified." 25 Spec. Laws 1431, 1435. The General Assembly in 1951 also failed to appoint judges of the court, and after the General Assembly adjourned the then governor appointed judges of the court "to fill vacancies from July 1, 1951, until the sixth Wednesday of the next session of the General Assembly and until their successors shall be appointed and shall have qualified." 26 Spec. Laws 679, 683. Legislation fully implementing the forty-seventh amendment having been enacted at the 1953 session of the General Assembly, judges of the court were appointed at that session for a term of two years from July 1, 1953, by the General Assembly upon nomination by the governor. Cum. Sup. 1955, § 25d; 26 Spec. Laws 1356, 1361.

On April 28, 1955, during the 1955 session of the General Assembly, the governor nominated the defendant to be one of the four judges of the court, "each for the term of four years from July 1, 1955." Cum. Sup. 1955, § 25d. The General Assembly adjourned on June 8, 1955, without having taken any action on any of the nominations. Thereafter, on June 21, 1955, the governor appointed the defendant to be one of the four judges of the court "to fill vacancy, from July 1, 1955, until the sixth Wednesday of the next session of the General Assembly and until a successor shall be appointed and shall have qualified." 27 Spec. Laws 719, 724. On July 1, 1955, the defendant accepted his appointment and thereafter served as a judge. On February 20, 1957, during the 1957 session of the General Assembly, the governor nominated Michael Radin, Martin

Mostyn, Joseph Fauliso and the plaintiff to be the four judges of the court, "each for the unexpired portion of the term ending June 30, 1959." The General Assembly adjourned on June 10, 1957, without having taken any action on any of the nominations. Thereafter, on June 21, 1957, the governor purported to appoint the plaintiff to be one of the four judges of the court "to fill vacancy until the sixth Wednesday of the next session of the General Assembly and until a successor shall be appointed and shall have qualified."

Each party claims that he was on July 1, 1957, and now is, a de jure judge. In this action of quo warranto, the plaintiff seeks to test the legal right of the defendant to the office. Quo warranto calls upon the defendant to show that he is a de jure officer. The burden in such a proceeding is on the defendant to establish his legal right to the office in dispute. *State ex rel. Jewett* v. *Satti,* 133 Conn. 687, 688, 54 A.2d 272; *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 540, 89 A. 172. As each party bases his title upon his claim that his appointment was legally made by the governor to fill a "vacancy in an office originally filled by the general assembly" in accordance with provisions contained in § 92 of the General Statutes, we first inquire whether, under that statute, the governor had the power to fill a vacancy in the office of a judge of the City and Police Court of Hartford. Section 92 provides: "When the general assembly shall not be in session and when no other provision shall have been made for filling any vacancy in an office originally filled by the general assembly or either branch thereof, or by the governor with the advice and consent of the general assembly or either branch thereof, the governor may fill the same until the sixth Wednes-

day of the next session of the general assembly, and until a successor shall be elected or appointed and shall have qualified. . . ."

Did § 92 empower the governor to fill a vacancy in the office of a judge of the City and Police Court of Hartford after the adjournment of the 1955 session of the General Assembly? Was that an office "originally filled by the general assembly"? To find the legislative intent in using that phrase, we look at the wording of the statute, its legislative history and its policy. *Sullivan* v. *Town Council,* 143 Conn. 280, 284, 121 A.2d 630. The original statute providing for the filling of vacancies was enacted in 1887. Public Acts 1887, c. 115. It provided: "Any vacancy that shall occur in any office originally filled by the general assembly or either branch thereof, or by the governor with the advice and consent of the senate, may in the absence of other provision be filled by the governor until the first Wednesday of February, 1889." It was approved May 18, 1887. The words "originally filled by the general assembly or either branch thereof" have remained in the statute ever since.

Article fifth of the Connecticut constitution of 1818 vested the judicial power of the state in a Supreme Court of Errors, a Superior Court and such inferior courts as the General Assembly might establish. It then provided, in § 3, that the judges of these courts should be appointed by the General Assembly. By the twenty-sixth amendment, adopted in 1880, it was provided that the judges of the Supreme Court of Errors and the Superior Court "shall, upon nomination of the governor, be appointed by the general assembly in such manner as shall by law be prescribed." Enabling legislation, entitled "An Act to carry into effect the Provisions

of the Twenty-Sixth Amendment to the Constitution," was approved February 8, 1882. Public Acts 1882, c. 1. Thereafter, at the 1882, 1883, 1884, 1885 and 1887 sessions of the General Assembly, judges of the Supreme Court of Errors and the Superior Court were appointed by the General Assembly upon nomination by the governor.

In this context, we first consider what the legislature must have meant by the word "filled" in the act of 1887. After the twenty-sixth amendment became effective, the General Assembly alone could not name for appointment the judges of the Supreme Court of Errors and the Superior Court, as it had previously done under § 3 of article fifth of the constitution. Its power, after the amendment became effective, was limited to either appointing or not appointing the persons nominated by the governor. It no longer had the power of selection. It could not be said that it thereafter "filled" those offices in any true sense of that word.

We now consider the meaning of the word "originally" as used in the phrase "originally filled" in the act of 1887. The judges of the Supreme Court of Errors and the Superior Court appointed during the years from 1882 through 1887 all held offices "originally filled by the general assembly" by virtue of the provisions of the constitution under which those courts were established. The first appointments made to the Supreme Court of Errors and the Superior Court after the adoption of the constitution in 1818, and all others prior to 1882, were made by the General Assembly acting alone. See, e.g., 13 Conn. State Rec. 6, 16 Conn. State Rec. 7. Of course, these facts were known to the members of the General Assembly in 1887, when the first statute providing for filling a vacancy in an office "origi-

nally filled by the general assembly" was enacted. These facts conclusively show the legislative intent to have been that the office which the governor was empowered to fill a vacancy in was one which had actually been filled originally, in a historical sense, by the General Assembly acting alone.

There was no office of judge of the City and Police Court of Hartford until July 1, 1949. The judges appointed in 1949 and 1951 were not appointed by the General Assembly. In 1953 the judges were appointed by the General Assembly upon nomination by the governor. After the forty-seventh amendment became fully operative in 1953, the General Assembly alone could not, and did not, name for appointment and appoint the judges of the City and Police Court of Hartford or the judges of any other minor court, as it had previously had the power to do under § 3 of article fifth of the constitution. The power of the General Assembly, since the forty-seventh amendment became fully operative, has been limited to either appointing or not appointing the person nominated by the governor to be a judge. It no longer has the power of selection. "The main purpose of the forty-seventh amendment is to place on the governor the preliminary responsibility of determining who should be appointed to those offices." *State ex rel. Cotter* v. *Leipner,* 138 Conn. 153, 171, 83 A.2d 169. The General Assembly, in making an appointment upon a nomination by the governor, does not have the preliminary responsibility of determining who should be appointed to the office. Consequently, the 1953 appointees, appointed by the General Assembly upon nomination by the governor, were not appointed by the General Assembly acting alone. Therefore, the office of judge of the City and Police Court of Hartford was not one which was

originally filled, at the time it was established in 1949, by the General Assembly, nor was it filled by the General Assembly at any time thereafter.

A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way. An enumeration of powers in a statute is uniformly held to forbid the things not enumerated. *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 367, 23 A. 186. As the office of judge of the City and Police Court of Hartford was not one "originally filled by the general assembly," the governor was not empowered by § 92 of the General Statutes to fill a vacancy in it at any time. The plaintiff's alternative claim, that, if § 92 did not empower the governor to fill the vacancy, he was empowered to do so by the portion of § 78 which provides that "[h]e may appoint any officer of the state whose office is provided for by law but for whose appointment no other provision is made by the constitution or the statutes" is without merit.

In an action of quo warranto the court is called upon to determine only whether the defendant holds legal title to the office in question. *State ex rel. Hoerle* v. *Thomas,* 127 Conn. 426, 428, 17 A.2d 514. However, since we are asked, in effect, by one of the questions reserved whether the plaintiff holds legal title to the office, we have decided to take the case as presented to us and answer that question. In doing so, we do not decide any questions pertaining to the offices of any judges other than the parties to this action.

The questions upon which our advice is desired are: "1. Is Harry Kaminsky a de jure Judge of the City and Police Court of Hartford? 2. Is Boce W. Barlow, Jr., a de jure Judge of the City and Police

Court of Hartford?" Our answer to each question is "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.