STATE EX REL. ARTHUR F. HUNTINGTON
*v.* FRANCIS McNULTY

KING, C. J., MURPHY, SHEA, ALCORN AND COMLEY, JS.

Argued January 9—decided March 3, 1964

*Harry Hammer,* for the appellant (plaintiff).

*Robert J. Pigeon,* for the appellee (defendant).

MURPHY, J. The defendant was elected the official to administer the state building code for the town of Vernon in a contest with the plaintiff on February 28, 1962, at a duly warned special town meeting called for that purpose. In Vernon, that official is known as the building inspector. The plaintiff, under an appointment made by the board of selectmen, had acted as building inspector from August 15, 1957, until he was ousted from physical possession of the office by the defendant on the morning after the town meeting. The plaintiff then caused this action in quo warranto to be instituted. He challenges the legality of the defendant's appointment. The court decided that the defendant was the legal occupant of the office and rendered judgment for him. The plaintiff has appealed.

In 1951, the town of Vernon adopted the 1947 state building code as the town building code. Rev. 1949, § 4106 (as amended, General Statutes § 19-395). Prior to 1951, there was no legislation of any nature establishing a building code in Vernon. The 1947 state building code provided that the building official should be appointed by the town's chief appointing authority. Conn. State Bldg. Code § 102 (2) (1947). As such authority, the selectmen thereafter appointed the building inspector. In 1957, the office became vacant, and the plaintiff was appointed to

it by the selectmen. In 1959, the town adopted the 1955 state building code, which then superseded the 1947 code as the official town building code. General Statutes § 19-395 (1958). The 1955 code provided that the building official should be appointed by the legislative body of the municipality. The plaintiff continued in office until forced out in 1962.

The court concluded that the 1947 code had not been validly adopted by the town of Vernon and that therefore the appointment of the plaintiff did not constitute him a de jure officer. We shall assume without deciding that the 1947 code was adopted properly. In the view which we take of the case, the right of the plaintiff to the office is not dependent on the manner in which the code was adopted in Vernon.

The 1947 code was promulgated by the state housing authority. Rev. 1949, § 4106. Section 102 (2) of the code, authorizing the chief appointing authority of the municipality to appoint the building official, was in direct conflict with § 4107 of the 1949 Revision (General Statutes § 19-396), which vested the power of appointment in the legislative body of the municipality. In Vernon, the legislative body is the town meeting. General Statutes § 1-1. No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power. See *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620, 136 A.2d 792; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 523, 134 A.2d 351; *Lacava* v. *Carfi,* 140 Conn. 517, 519, 101 A.2d 795. Therefore, the 1947 code could not vest the power of appointment in the selectmen.

450

Where the appointing authority lacks the power to make an appointment, the appointment is illegal, and the appointee at best becomes a de facto officer. *State ex rel. Barlow* v. *Kaminsky,* supra; *State ex rel. Waterbury* v. *Martin,* 46 Conn. 479, 482.

A vacancy exists in an office when it is not occupied by a de jure officer. *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 525, 45 A.2d 716; *State ex rel. Hendrick* v. *Keating,* 120 Conn. 427, 431, 181 A. 340; *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 547, 89 A. 172. When the town meeting appointed the defendant as building official, there was a vacancy in the office. As the legislative body, the town meeting had the authority to fill the vacancy. General Statutes § 19-396. The defendant then became the de jure officer. He has established his right to the office and is entitled to retain it.

There is no error.

In this opinion the other judges concurred.