[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 30, 1988, Robert Gabriel, the zoning enforcement officer for the city of Meriden, issued an order to Joseph Belanger and Wendy Belanger with respect to the use of their premises at 45 Quarry Lane. Said order reads as follows:
"August 30, 1988 Mr. Joseph Belanger CERTIFIED MAIL 45 Quarry Lane RETURN RECEIPT REQUESTED Meriden, CT 06450
Dear Mr. Belanger:
As a result of a complaint, this ofice [sic] has inspected your property at 45 Quarry Lane and noted that you are using the recently completed garage for other than a permitted use in a residential district (R-1). The use of the accessory building and property for other than single family residential uses is a violation of Section 420 of the zoning regulations. This violation is even more disturbing in light of the warnings you received prior to building this accessory structure.
A second violation was also noted. This involves the access of commerial [sic] vehicles over the Quarry Lane property contrary to the 1960 use variance of the property. You will recall this variance indicated access would be from Gracey Avenue.
You are, therefore, directed to cease and desist from these uses within thirty (30) days of receipt of this letter. Complete compliance by:
 1. Eliminating all non-residential related uses from the Quarry Lane parcel and the from [sic] accessory building, and
 2. Restore the Gracey Avenue access for the commercial use allowed by the 1960 variance and the elimination of the CT Page 2566 commercial access from Quarry Lane.
Failure to comply to this directive by September 30, 1988 will result in legal action by the City of Meriden.
If you have any questions pertaining to this matter, please call this office.
Very truly yours,
/s/ Robert Gabriel Robert Gabriel Development and Enforcement Officer"
The defendant Belangers did not immediately appeal the order, as provided for by statute (Sec. 8-7, C.G.S.). Instead, their counsel sent letters dated November 28, 1988 and December 12, 1988, to Mr. Gabriel, containing a plot plan, purporting to show the location of the driveway referred to in paragraph 2 (Return Exhibit 7). On March 15, 1989, the Belangers filed an application for a special exception and an appeal from the zoning enforcement officer. The special exception sought permission to expand an industrial use previously allowed by variance, pursuant to Sec. 900.2 of the zoning ordinance.
The board held a hearing on April 4, 1989. Counsel for the Belangers submitted a series of exhibits purporting to trace the history of the use of the land in question. A plot plan was filed with the application, a copy of which is attached hereto. The plot plan purports to show that the Belangers were owners of a residence with frontage on the easterly line of Quarry Lane. Northerly of such residential parcel lies another parcel also owned by the Belangers, showing a building, entitled "Existing Garage", and a hatched area entitled "Expansion Area 850 sq. ft.". There is also shown what purports to be a "Proposed Drive," 24 feet in width, running westerly across both parcels so as to exit on Quarry Lane. There is an access to Gracey Avenue.
Counsel for the Belangers appeared before the board and pointed out that the special exception sought was the same relief as previously granted, but which had lapsed for failure to be exercised. Counsel for the plaintiffs herein also appeared, and argued against the application, especially the claim by the applicants to the right to cross their land in a residential district in commercial vehicles.
After the conclusion of the hearing, the Board met and granted a permit as follows:
Appeal #2830 — Owner/Applicant Wendy and Joseph CT Page 2567 Belanger at 276 Gracey Avenue (rear) and 45-53 Quarry Lane seeking a Special Exception of Section 900.2.1 to allow expansion of an industrial use previously allowed by variance. (REGRANT OF PREVIOUS APPROVAL IN APPEAL #2643) (ONE BUSINESS AT A TIME). Applicant also seeks clarification of said decision with respect to utilization of an entrance to applicant's property from Quarry Lane or alternatively an appeal from ruling of the Zoning Enforcement Officer dated August 30, 1988, relative to access from Quarry Lane. (BOARD RULES ACCESS IS PERMISSABLE) [sic] Applicant also seeks ruling with respect to addition of peaked roof to existing building in a R-1 zone. (NO APPROVAL REQUIRED)
 LaRosa abstained from voting. A motion by Logodicio, seconded by Cerreta passed unanimously as follows: Pertaining to the request to put a peaked gable roof on the existing building, it was the opinion of the Board that the applicant is within his rights to do this construction with no further approval being required. This roof construction does not constitute any expansion of any kind.
 A motion was made to regrant the decision previously rendered in Appeal #2643. By unanimous vote the Board regranted verbatium [sic] the decision. In issuing this regrant it was the opinion of the Board that their access to this property from Quarry Lane had been addressed verbally and on the site plan submitted with Appeal #2643. It is therefore the opinion of this Board that the applicant currently possesses the right to access his property from Quarry Lane.
 As to the applicants [sic] request for a clarification of condition #2 in Appeal #2643, the Boards [sic] intent with this condition was that the use of this property should be limited to one business or use at a time.
This appeal followed. The court held a hearing on February 15, 1991 and found the plaintiffs George Scarano and Francis Verano to be owners of land abutting the subject property, and therefore have standing to appeal [Sec. 8-8(1), C.G.S.]. CT Page 2568
In their appeal, the plaintiffs ask that the court reverse the Board's decision in granting a special exception, find that access to Quarry Lane is not permissible and reverse the overruling of the zoning enforcement officer's ruling by the Board.
In their brief, the plaintiffs ask the court (1) to modify the decision of the Board as it relates to 45 and 53 Quarry Lane, and (2) reverse the Board's decision in the order of the zoning enforcement officer. Accordingly, only these issues, both of which relate to the same use, will be considered by the court. Curry v. Planning Commission, 34 Conn. Sup. 52.
The plaintiffs argue that the Board's decision with respect to the zoning enforcement officer's ruling was illegal for two reasons: (1) the local ordinance bars industrial use of residential property; and (2) the appeal was untimely.
In their brief the defendants argue that (1) the use of the driveway in the residential district was a pre-existing, therefore, legal, nonconforming use, which had been previously approved by the Board and; (2) that the late filing of the appeal was directory, as arising out of the Board's rules, and therefore could be and was waived by the Board.
In a zoning appeal, the sole function of the court is to determine whether the Board acted illegally or arbitrarily or so unreasonably as to have abused its discretion. Watson v. Howard,138 Conn. 464, 469.
The decision in this case will depend upon the finding by this court as to whether the order of the zoning enforcement officer became final as to all issues raised therein when no timely appeal was filed by the applicants.
It is well established that appeals from decisions of municipal officers and boards to the courts exist only by statutory authority. Walkinshaw v. O'Brien, 130 Conn. 122, 138. When an administrative remedy is provided, it must be exhausted before an appeal to the courts will lie. Failure to appeal a decision of the zoning enforcement officer to the zoning board of appeals will bar an appeal to court. Astarita v. Liquor Control Commission, 165 Conn. 185, 189. The Meriden zoning ordinance [213-57] vests the Board with the powers of Section 8-6 of the General Statutes, and specifically,
 "A. To hear and decide appeals where it is alleged that there is any error in any order, requirement or decision made by the official charged with the enforcement of this chapter. . . ." CT Page 2569
Section 213-58(A) reads as follows:
 "The Board shall adopt such rules, regulations and procedures as may be necessary to carry into effect the provisions of these regulations."
The named defendants filed, at the court hearing, an exhibit entitled "Zoning Board of Appeals — Rules and Regulations". Section V (B), in pertinent part, reads as follows:
 "B. An appeal shall be taken to this Board under Section 8-7 to reverse any order, requirement or decision of the Zoning Enforcement Officer on any matter upon which the Board is required to pass under any by law, ordinance, rule or regulation. An appeal may be taken to the Zoning Board of Appeals by any person aggrieved or by any office, department, board or bureau aggrieved and shall be taken within a ninety (90) day period of time from the day of any order, requirement or decision by filing with the Zoning Commission or the officer from whom the appeal has been taken and with said Board a notice of appeal specifying the grounds thereof. A decision on such appeal shall require the concurring vote of four (4) members of the Board."
(Emphasis added.)
The Rules Regulations, Section X, reads as follows:
"AMENDMENTS
 A. These rules may be waived, amended or revoked by the Board at any meeting.
 B. Whenever these rules are or may become inconsistent with the State laws relating to zoning or the Zoning Ordinance of the City of Meriden such laws or ordinances shall prevail."
It is not disputed that the order was issued on August 30, 1988, and that the appeal was filed on March 17, 1989.
Section 8-7 of the General Statutes treats the matter of appeals from the decision of the officer to the board. In CT Page 2570 pertinent part, it reads as follows:
"An appeal. . .shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days. . . ." See P.A. 84-122.
The issue of the limitations on time to appeal to the board was discussed by our Supreme Court in Pascale v. Board of Zoning Appeals, 150 Conn. 113. In that case, the plaintiff obtained a building permit for a four-family house on April 22, 1960. After construction started, a neighbor inquired by letter dated July 7, 1960, whether the steps on the building violated a side yard requirement. On October 19, 1960, the building inspector, by letter, replied in the negative. The neighbor appealed to the zoning board of appeals on January 10, 1961. The board reversed the inspector. The trial court reversed the board and was in turn reversed by the Supreme Court. In the decision, the Supreme Court noted that the plaintiff claimed the neighbor's appeal was barred by laches. The Court noted, "Neither the special act providing for zoning in New Haven nor the ordinance specifies any time within which an appeal to the board of zoning appeals must be taken. (Citations omitted); see General Statutes8-7." Section 8-7, at the time, likewise did not specify a time within such appeal must be taken. The thirty-day period, presumably to avoid similar ambiguities, was adopted by the legislature in 1984. Compare the statement in London v. Zoning Board of Appeals, 150 Conn. 411, 417, as to the enactment of legislation requiring mandatory stenographic reports. Public Acts 1959, No. 460. "The confusion and uncertainty which had developed during the course of some of the appeals from zoning authorities were no doubt partially responsible for the changes." p. 417.
In the instant matter, the Board has adopted a rule, to wit, 90 days. The appeal to the Board was clearly not taken within this period. The rules provide that appeals shall be submitted on forms available at the office of the zoning enforcement officer. Sec. V(A). The letters submitted to such officer cannot be considered such an appeal.
Although the statute permitted a local board to fix such appeal period, the limitation on the time to appeal is mandatory and jurisdictional. Failure to file a timely appeal bars the relief.
"A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." State ex rel. Barlow v. Kaminsky,144 Conn. 612, 620. Waterbury v. Commission on Human Rights and Opportunities, 160 Conn. 226, 230-1. CT Page 2571
It should be noted that the appeal to the board may be the basis of a further appeal to this court. See Willard v. Zoning Board of Appeals, 152 Conn. 247, 248. Such appeals must be taken within the time period by statute or they are barred. Carbone v. Zoning Board of Appeals, 126 Conn. 642. "Statutes and special laws such as the one before us fixing a rather brief time in which appeals may be taken to the courts from orders and decisions of administrative boards are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed." p. 607. It would be clearly inconsistent to apply the above reasoning to a statutory limitation on the right to appeal to court and not apply it to appeals to the board. See, e.g., Foran v. Zoning Board of Appeals, 158 Conn. 331, 336. Further, in such court appeals our Supreme Court has noted "`Time is not merely a procedural limitation but an essential part of the remedy.'" Royce v. Freedom of Information Commission, 177 Conn. 584,587.
The named defendants argue that the Board may waive the time for filing. "No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires power unless the statute grants it that power." State ex rel. Huntington v. McNulty, 151 Conn. 447, 449. The statute gave the board power to fix an appeal period, but nothing therein can be construed as power to waive such period.
Indeed, if any waiver of the time period were to exist, it would be with the zoning enforcement officer who "acts on behalf of the interest of all property owners within the municipality to enforce their right to require conformity with the regulations as the quid pro quo for their own submission to the restrictions imposed upon their property." Johnson v. Murzyn,1 Conn. App. 176, 180. "Waiver" is "the intentional relinquishment or abandonment of a known right or privilege." In Re Manuel R.,207 Conn. 725, 756. Such "right" is vested in the zoning enforcement officer, acting on behalf of the property owners of the municipality. Clearly, such officer cannot waive these rights. A fortiori, the Board cannot. Compare Aurora v. Zoning Board of Appeals, 153 Conn. 623, 65, as to defective notice.
The order of the officer addressed not only the non-residential use of 45 Quarry Lane, but specifically, determined that the only allowed access to the site was from Gracey Avenue. The Board was deprived of its jurisdiction to hear the late appeal, and the order of the officer in all of such matters is final and binding.
The named defendants also claim that the right of access CT Page 2572 to Quarry Lane was granted by the Board, pursuant to the special permit. On August 8, 1988, the zoning ordinance was amended to provide that in the R-1 District:
 "A driveway or any type of access for any use not permitted by right or special exception in this zone shall not be permitted as an accessory or primary use" (213-15 E.5).
This provision was in effect at the time of the new application. The attempt by the board to grant this use as part of a special exception is thus barred. WATR v. Zoning Board of Appeals, 158 Conn. 196. "The zoning regulations, and not the board, determine what uses may be allowed as special exceptions." p. 200.
Whatever the Board may have considered at the previous hearing (Appeal #2643) is not relevant since it is undisputed that such permit was null and void because of lapse. The named defendants could have addressed the issue of either non-conformity or grant by variance, had a timely appeal been filed.
The decision overruling the order of the zoning enforcement officer is reversed. The special exception is modified so as to delete any grant to use any portion of the premises in the R-1 District for access to Quarry Lane.
Burns, J.
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]