[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
The plaintiff, Nettleton Mechanical Contractors, Inc. ("Nettleton") filed a complaint on June 19, 1998, against the City of Meriden, P. Francini and Company ("Francini"), and Jeter, Cook and Jepson Architects ("Jeter") . In the first count of the complaint, the plaintiff alleges CT Page 9023 that on March 15, 1996, it entered into a subcontract whereby the plaintiff was to furnish labor and materials to the Ben Franklin School in the City of Meriden, and that the plaintiff performed its work pursuant to the subcontract, but that the plaintiff has not been fully paid for its work and materials under the subcontract. The first count of the complaint sounded in breach of contract as against the City of Meriden, the second count of the complaint sounded in quantum meruit as against the City of Meriden, the third count of the complaint alleged a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq., by the City of Meriden, and the fourth and fifth counts of the complaint alleged that Francini and Jeter tortiously interfered with the contract between Nettleton and the City of Meriden. On December 4, 1998, the defendants filed a motion to strike the second, third, fourth and fifth counts of the complaint, and on February 3, 2000, the court (Doherty, J.) granted the defendants' motion to strike.
The plaintiff filed an amended complaint on February 18, 2000. The first count alleges breach of contract as against the City of Meriden, the second count alleges bad faith and tortious breach of contract, the third count alleges tortious interference as against Francini and Jeter, and the fourth count alleges the Francini and Jeter violated CUTPA. The defendants Francini and Jeter filed a motion to strike the third and fourth counts of the amended complaint on March 13, 2000, and a corresponding memorandum of law pursuant to Practice Book § 10-42. The plaintiffs objected to the motion to strike on April 27, 2000, and a memorandum of law, pursuant to Practice Book § 11-10.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. "Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998) . "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded. "R.K. Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "The court must construe the complaint most favorably to the plaintiff." (Internal quotations omitted.) Faulkner v.United Technologies Corp., supra, 240 Conn. 580. "[I]f facts provable in CT Page 9024 the complaint would support a cause of action, the motion to strike must be denied . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Lombardv. Edward J. Peters, Jr, P.C., 252 Conn. 623, 627, ___ A.2d ___ (2000)
Francini and Jeter argue that the third count of the amended complaint alleging tortious interference should be stricken because it is essentially the same claim that was previously stricken in the fourth and fifth counts of the original complaint, and because the plaintiff contradicts itself by alleging that the City of Meriden "acted directly through" Francini and Jeter; (Amended complaint, ¶ 8); and that Francini and Jeter "acted outside the scope of their contractual authority." (Amended complaint, ¶ 15). The plaintiff asserts that it did not allege in the third count of the amended complaint that the City of Meriden "acted directly through" Francini and Jeter as its agents. Rather, the plaintiff argues that the third count of the amended complaint alleges that Francini and Jeter committed specific, unauthorized, tortious acts that were not authorized by the city, and that paragraph eight of the amended complaint describes what the City of Meriden instructed the plaintiff to do.
"This court has long recognized a cause of action for tortious interference with contract rights or other business relations. Daley v. Aetna Life Casualty Co., 249 Conn. 766, 805, 734 A.2d 112 (1999). An action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . . Id. A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. Collum v. Chapin, 40 Conn. App. 449, 452, 671 A.2d 1329
(1996) . The plaintiff must plead and prove at least some improper motive or improper means. Kakadelis v. DeFabritis, 191 Conn. 276, 279,464 A.2d 57 (1983) ." (Internal quotation marks omitted.) NettletonMechanical Contractors v. City of Meriden, Superior Court, judicial district of Waterbury, Docket No. 146838 (February 3, 2000, Doherty, J.). "[A]n agent may not be charged with having interfered with the contract of the agent's principal. However, one can be held liable if he did not act legitimately within the scope of his duty and used the corporate power improperly for personal gain. Appleton v. Board off Education,53 Conn. App. 252, 267 (1999)." Oygard v. Town of Coventry, Superior Court, judicial district of Tolland at Rockville, Docket No. 059237 (January 14, 2000, Sullivan, J.). "An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or CT Page 9025 inducing his principal to breach a contract because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract." Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 60-61,480 A.2d 610 (1984).
In the previous complaint, "Francini and Jeter were [only alleged to be] agents of the city. They could not tortiously interfere with the contract between the plaintiff and the city if they were acting legitimately within the scope of [their] authority." Nettleton MechanicalContractors v. City of Meriden, supra, Docket No. 146838. The original complaint did not allege that Francini or Jeter acted outside the scope of their contractual authority, and therefore the third count in this amended complaint is not the same as the fourth and fifth counts that were stricken from the original complaint.
Moreover, in the amended complaint, the plaintiff alleges that Jeter "acted outside the scope of their contractual authority and obligations, and acted in bad faith in their undertakings with Nettleton." (Amended complaint, ¶ 15). "The term in bad faith may be interpreted to imply that the activity was designed for personal gain. As tenuous as this claim may be, the plaintiff should have the opportunity to explore this subject, which should of course be subject to proper discovery by the defendants as to what facts are available to the plaintiff to support a claim of personal gain." Oygard v. Town of Coventry, Superior Court, judicial district of Tolland at Rockville, Docket No. 059237 (January 14, 2000, Sullivan, J.) Accordingly, the motion to strike the third count of the amended complaint is denied.
Additionally, Francini and Jeter argue that the fourth count of the amended complaint should be stricken because the transaction at issue, a contract for a public school renovation project, is exempt under General Statutes § 42-110c.[1] The plaintiff, however, argues that it has alleged that Francini and Jeter were outside the scope of their contractual authority, and were unauthorized by any statute to conduct their deceptive and unfair actions, and therefore, Francini and Jeter violated CUTPA. "[A] municipality [has] such powers as are necessary to enable it to discharge its duties and carry into effect the objects and purposes of its creation." New Haven Commission on Equal Opportunities v.Yale University, 183 Conn. 495, 499, 439 A.2d 404 (1981).
"The proper promulgation of those ordinances does not, however, immunize those parties with whom the city has contracted to effectuate those ordinances against all civil liability. While the city obviously had the power to enact such ordinances, the city and its agents must nevertheless still adhere to all other laws . . . . The contract between the city and the defendant is the sole method by which the city could CT Page 9026 transfer its authority to the defendant. The contract, therefore, necessarily defines the scope of that authority conferred by the city on the defendant." Lawson v. Whitey's Frame Shop, 42 Conn. App. 599, 613,682 A.2d 1016 (1996), rev'd 241 Conn. 678, 697 A.2d 1137 (1997) . Although the Supreme Court reversed the Appellate Court's decision inLawson v. Whitey's Frame Shop because it concluded that "the Appellate Court improperly held that the defendant, under its contract with the city, was not authorized to tow, store and dispose of scofflaw vehicles and, therefore, improperly affirmed the trial court's judgment finding that the defendant had violated CUTPA by disposing of the plaintiffs' vehicles," the Court "recognize[d] that the defendant's authority to dispose of the plaintiffs' automobiles under its contract with the city does not necessarily mean that the defendant would be immune from CUTPA liability under all other circumstances. We need not decide, however, whether the presence of bad faith in the performance of a valid contract could form the basis of a CUTPA claim because the plaintiffs make no such claim in this case." Lawson v. Whitey's Frame Shop, 241 Conn. 678, 688,697 A.2d 1137 (1997). The plaintiff alleges that Francini and Jeter "acted in bad faith in their undertakings" with the plaintiff. (Amended complaint, ¶ 15). The fourth counts sets forth sufficient allegations to state a claim upon which relief can be granted because Francini and Jeter may have been acting outside the scope of their contract with the city of Meriden. Therefore, that the motion to strike count four of the amended complaint is denied.
BY THE COURT
 ________________________ (J.) PETER EMMETT WIESE